IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM NEAL, : | |
|     *Petitioner*, : | |
| : | |
| v. : | CIVIL ACTION |
| : | NO. 06-0162 |
| JOSEPH J. PIAZZA, THE DISTRICT : | |
| ATTORNEY OF THE COUNTY OF : | |
| PHILADELPHIA, and THE ATTORNEY : | |
| GENERAL OF THE STATE OF : | |
| PENNSYLVANIA, : | |
|     *Respondents*. : | |

### MEMORANDUM OPINION

**Scott, J.**                                                                                                   **March 12, 2024**

William Neal, a state prisoner serving a life sentence following his conviction for second degree murder, robbery and possession of an instrument of crime, has filed a motion for relief under Federal Rule of Civil Procedure 60(b)(6), seeking to reopen the order dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, the motion will be denied as untimely, and dismissed as an unauthorized second or successive habeas petition.

### BACKGROUND AND PROCEDURAL HISTORY

Mr. Neal was convicted of second degree murder, robbery and possession of an instrument of crime on July 29, 1994 in the Philadelphia County Court of Common Pleas. He was immediately sentenced to a term of life imprisonment on the murder conviction, and in March of 1995, sentenced to a term of six to twelve months on the weapons offense and received no sentence on the robbery conviction. From the time of his sentencing, Mr. Neal filed direct and collateral appeals in the state courts, all of which were denied.

On January 12, 2006, Mr. Neal filed his first federal § 2254 habeas petition, asserting the following claims:

1. Actual innocence as shown through ten police reports that were not presented at trial or on appeal;

2. Denial of the right to compulsory process to present witnesses;

3. Ineffective assistance of trial counsel for failure to investigate possible witnesses and ignoring evidence; ineffective assistance of appellate and PCRA counsel for failure to preserve this claim;

4. New, reliable unpresented evidence exists;

5. Constitutional violations arising from improper investigation, including violations of the Fourth, Fifth, Eighth and Fourteenth Amendments;

6. Selective prosecution and abuse of discretion;

7. Insufficiency of the evidence;

8. Prejudice concerning the *nolle prosequi* charges;

9. Judicial impropriety in questioning witnesses; and

10. Malicious arrest of petitioner.

*See* Petition for Writ of Habeas Corpus (ECF No. 1).

On March 27, 2006, Magistrate Judge Smith issued a Report and Recommendation dismissing Mr. Neal's habeas petition as untimely. After applying the rules set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), governing the one-year statute of limitations period for a state court prisoner to file a federal habeas petition, Judge Smith found that the petition was time-barred. *See* Report and Recommendation at 3–5. Judge Smith also considered whether the AEDPA's statute of limitations was subject to equitable tolling in Mr. Neal's case. After considering Mr. Neal's allegations of actual innocence based on testimony that his counsel chose not to present at trial, Judge Smith found that Mr. Neal

did not meet his burden to show, by presenting new evidence, that it was more likely than not that no reasonable juror would have convicted him. *See id.* at 6–7. Accordingly, Judge Smith recommended dismissal of his habeas petition and found there was no probable cause to issue a certificate of appealability. *Id.* at 7–8.

Mr. Neal timely filed objections to the Report and Recommendation. *See* ECF No. 12. On April 11, 2006, Judge Kelly denied Mr. Neal's Objections, approved and adopted Judge Smith's Report and Recommendation, and found no probable cause to issue a certificate of appealability. *See* ECF No. 13. On April 19, 2006, Mr. Neal filed both a motion to vacate Judge Kelly's Order approving and adopting the Report and Recommendation, *see* ECF No. 14, and a notice of appeal from Judge Kelly's Order. *See* ECF No. 15. Judge Kelly denied Mr. Neal's motion to vacate the Order on April 28, 2006.

On October 2, 2006, the Third Circuit denied Mr. Neal's appeal. *See Neal v. Piazza*, C.A. No. 06-2426, Oct. 2, 2006 Order. Construing his notice of appeal as a request for a certificate of appealability under 28 U.S.C. § 2253(c), the Third Circuit denied his request "for failure to make a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2)." *Id.* It held that his habeas petition was time-barred for the reasons given by Judge Smith in the Report and Recommendation. The court also found that Mr. Neal's equitable tolling argument lacked merit because, at a minimum, his evidence was not new. *Id.*

Almost three years later, on September 22, 2009, Mr. Neal filed an Application for Leave to File a Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b) with the Third Circuit. In his application, he requested to assert a new claim of lack of subject matter jurisdiction and/or lack of personal jurisdiction because he was never served with the criminal complaint. *See In re William Neal*, C.A. No. 09-3657, Application for Leave to File a Second or Successive Petition

3

Pursuant to 28 U.S.C. § 2244(b) ("Application") (filed Sept. 22, 2009) at 4; Memo. of Law in Support of Application (filed Oct. 27, 2009) at 1. He stated that he first presented this claim in his second state-court PCRA petition, which he filed after Judge Kelly denied his federal habeas petition and while his earlier appeal was pending with the Third Circuit. *See* Application at 13. He contended that he waited to file an application with the Third Circuit for leave to file a second or successive petition on this issue because he thought he had to present the claim to the state trial court first. *Id.* at 16. He argued that he was entitled to raise this claim in a second federal petition because claims of lack of jurisdiction cannot be waived. *Id.* at 5.

On November 12, 2009, the Third Circuit denied his application to file a second or successive habeas petition for "fail[ure] to make a prima facie showing that his new claims meet the standard set forth in 28 U.S.C. § 2244(b)." *See In re William Neal*, C.A. No. 09-3657, Nov. 12, 2009 Order.

On November 9, 2021, Mr. Neal filed another Application for Leave to File a Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b) with the Third Circuit. *See In re William Neal*, C.A. No. 21-3000, Application for Leave to File a Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b) ("2021 Application") (filed Nov. 9, 2021). In this Application, he requested to assert both old and new claims. For his old claims, he sought to raise the ineffectiveness of trial, appellate and PCRA counsel due to their failure to investigate possible witnesses and ignoring evidence. *See* 2021 Application at 9, ¶ 16. For new claims, he sought to raise a *Brady* violation based on after-discovered evidence found by a family member that would have cleared him of all charges and that he was provided with no discovery; the Respondents' failure to prove the charges against him; and due process violations. *See* 2021 Application at 9, ¶ 17(A), and 10. He contended that he did not present the new claims in his previous petitions because the prison was shut down

4

for a year due to Covid-19, and a family member was only recently able to recover new evidence. *See* 2021 Application at 9, ¶ 17(B), and 10.[1]

On November 23, 2021, the Third Circuit denied Mr. Neal's application for leave to file a second or successive habeas corpus petition. With respect to his request to raise claims that were presented in his earlier habeas petition, the court held that those claims were barred. It cited 28 U.S.C. § 2244(b)(1), which states that "[a] claim presented in a second or successive habeas corpus application that was presented in a prior application shall be dismissed." *See In re William Neal*, C.A. No. 21-3000, Nov. 23, 2021 Order. With respect to Mr. Neal's request for permission to raise new habeas claims, the court held that he

> failed to make a prima facie showing that he [was] relying on (1) a new rule of constitutional law that the United States Supreme Court has made retroactive to cases on collateral review, or (2) newly discovered evidence that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense[s]." .

*See* Nov. 23, 2021 Order (citing 28 U.S.C. § 2244(b)(2), (3)(C)).

More than seventeen years after filing his first habeas petition in federal court, on June 2, 2023, Mr. Neal filed the instant Motion for Relief Under Rule 60(b)(6). In the motion, Mr. Neal moves to set aside the previous judgment dismissing his habeas petition, asserts the following habeas claims:

1. Actual innocence;

2. New, reliable unpresented evidence (*Brady* violation);

---

[1] The evidence he claimed was withheld was the witness statement of Walter Pack that about two weeks after the murder, he heard someone named Rabbit confess to the murder, and that Rabbit was wearing the murder victim's coat while he confessed to the crime. *See* attachment to 2021 Application at 7–8, 14–15.

5

    3.       Selective prosecution;

    4.       Malicious arrest/improper investigation;

    5.       Miscarriage of justice; and

    6.       Change in the law.

*See* Rule 60(b) Motion (ECF No. 21) at 9–10.

The motion does not clearly set forth the basis for each of Mr. Neal's claims. The basis for his claim of new evidence withheld in violation of *Brady* and claim for selective prosecution and malicious arrest appears to be withholding of two witness statements. The first is Mr. Pack's statement that he heard someone named Rabbit confess to the murder, and that Rabbit was wearing the murder victim's coat while he confessed to the crime. *See* Rule 60(b) Motion at 11–12. Mr. Neal also claims that by failing to find and question Rabbit, the police and prosecution willfully ignored the evidence and engaged in selective prosecution and malicious arrest. He further contends that if the police had pursued Rabbit, they would likely have recovered the stolen coat, which would have exonerated Mr. Neal. *Id.*

The second witness statement Mr. Neal contends was improperly withheld was that of Kevin Williams. Mr. Neal claims that Mr. Williams implicated a person with "light skin" who got into a heated argument with the victim less than three hours before the murder. *Id.* at 13–14. Mr. Neal argues that the police should have looked for this person and questioned him, and that, in failing to do so, they willfully ignored the evidence and engaged in malicious arrest and selective prosecution. *Id.*

The bases for Mr. Neal's claims of actual innocence and miscarriage of justice appear to be connected to his *Brady* claims and claims of selective prosecution and malicious arrest. In other

words, he argues that the evidence withheld by the Respondents in violation of *Brady* show his actual innocence and that there has been a miscarriage of justice.

Finally, even though Mr. Neal states that there has been a change in the law, *see id.* at 9, he does not actually point to any new legal decision.

## DISCUSSION

*Timeliness of Motion*

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Mr. Neal brings his motion under Rule 60(b)(6), the catch-all provision, which allows a district court to vacate a prior judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Although there is no specific time limit for filing a motion pursuant to Rule 60(b)(6), it must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (citing Fed. R. Civ. P. 60(b)).

7

Mr. Neal filed his Rule 60(b) motion more than seventeen years after his § 2254 habeas petition was denied. The Third Circuit has held that under two years is not reasonable. *See Moolenaar*, 822 F.2d at 1348. Clearly, if two years is not reasonable, seventeen years is not either. Therefore, Mr. Neal did not timely file his motion.

*Second or Successive Petition*

Even if Mr. Neal's motion had been timely filed, it would still be denied because it is an impermissible second or successive habeas petition.

The AEDPA bars "second or successive" habeas petitions, absent exceptional circumstances. *See* 28 U.S.C. § 2244(b). A habeas petition is "second or successive" if it is filed after "the petitioner has expended the 'one full opportunity to seek collateral review' that AEDPA ensures." *United States v. Santarelli*, 929 F.3d 95, 104 (3d Cir. 2019) (quoting *Blystone v. Horn*, 664 F.3d 397, 413 (3d Cir. 2011)).

In the context of a § 2254 habeas petition, a Rule 60(b) motion "should be construed as a new habeas petition when it 'seeks vindication' of a 'claim,' *i.e.*, when the Rule 60(b) motion advances 'an asserted federal basis for relief from a state court's judgment of conviction.'" *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 441 (3d Cir. 2021) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530–31 (2005)). Thus, if the Rule 60(b) motion "'attacks the federal court's previous resolution of a claim on the merits,'" or "'seeks to add a new claim for relief,'" it should be considered a second or successive petition. *Id.* (quoting *Gonzalez*, 545 U.S. at 532).

A Rule 60(b) motion that raises the same claim as in the petitioner's prior habeas application is a second or successive petition that must be dismissed. 28 U.S.C. § 2244(b)(1) ("A

8

claim presented in a second or successive habeas corpus application that was presented in a prior application shall be dismissed").

If the motion presents a new claim that was not included in a prior habeas application, the district court must dismiss it unless

> (A)  the [new] claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i)  the factual predicate for the [new] claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts . . . if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A) and (B)(i)-(ii).

However, a district court lacks jurisdiction to consider new claims presented in a "second or successive habeas corpus application" unless a court of appeals has first authorized the petition as complying with the specific criteria listed above. *Lesko v. Sec'y Pennsylvania Dep't of Corr.*, 34 F.4th 211, 222 (3d Cir. 2022) (citing 28 U.S.C. § 2244(b)(2), (b)(3)(A)). Thus, a habeas petitioner must first move for an order in the "appropriate court of appeals" before he is permitted to bring a second or successive habeas petition before a district court. 28 U.S.C. § 2244(b)(3)(A). If the court of appeals finds that the requirements are not satisfied, the petition must be dismissed. *Id.* § 2244(b)(3)(C).

Because Mr. Neal's motion does not clearly set forth the basis for each of his claims, it is difficult to discern which claims he previously asserted in his first federal habeas petition and which are new. He purports to assert new claims of *Brady* violations, selective prosecution and malicious arrest based on uncovering two witness statement improperly withheld by the

Respondents. Additionally, he seems to argue that his claims of actual innocence and miscarriage of justice are connected to his *Brady*, selective prosecution and malicious arrest claims, making those new habeas claims as well.

In any event, whether he is asserting old or new habeas claims does not affect the outcome of his motion. With respect to any "old" habeas claims Mr. Neal presented in his first habeas petition in 2006 that are being presented here, those claims "shall be dismissed." 28 U.S.C. § 2244(b)(1). With respect to any "new" habeas claims being asserted in Mr. Neal's Rule 60 motion, those claims must be dismissed for lack of jurisdiction. A district court lacks jurisdiction to consider new claims presented in a "second or successive habeas corpus application" unless a court of appeals has first authorized the petition. Because Mr. Neal has not obtained authorization from the Third Circuit to file a second or successive petition with this court, his habeas claims must be dismissed.

## CONCLUSION

Mr. Neal's motion for relief under Rule 60(b)(6) was filed more than seventeen years after his § 2254 habeas petition was denied, which was not within a reasonable amount of time. Therefore, it will be denied as untimely. Additionally, because the motion is an unauthorized second or successive habeas petition, it will be dismissed.