IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM NEAL,                          :
            *Petitioner*,              :
                                       :
        v.                         :  CIVIL ACTION
                                       :  NO. 06-0162
JOSEPH J. PIAZZA, THE DISTRICT         :
ATTORNEY OF THE COUNTY OF              :
PHILADELPHIA, and THE ATTORNEY         :
GENERAL OF THE STATE OF                :
PENNSYLVANIA,                          :
            *Respondents*.            :

## MEMORANDUM OPINION

**Scott, J.**                                          **March 30, 2026**

William Neal, a state prisoner serving a life sentence following his conviction for second degree murder, robbery and possession of an instrument of crime, has filed a motion for relief under Federal Rule of Civil Procedure 60(d)(1), seeking to reopen the order dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court lacks jurisdiction to decide Mr. Neal's motion, which is an unauthorized second or successive habeas petition.

## I.    PROCEDURAL HISTORY

Mr. Neal was convicted of second-degree murder, robbery and possession of an instrument of crime on July 29, 1994 in the Philadelphia County Court of Common Pleas. He filed direct and collateral appeals in the state courts, all of which were denied.

On January 12, 2006, Mr. Neal filed his first federal § 2254 habeas petition. One of the many claims was actual innocence, as shown through ten police reports that were not presented at trial or on appeal. *See* Petition for Writ of Habeas Corpus (ECF No. 1). On March 27, 2006, Magistrate Judge Smith issued a Report and Recommendation dismissing Mr. Neal's habeas petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and finding that Mr. Neal had not presented new evidence to satisfy his actual innocence claim. 28 U.S.C. § 2244(d)(1); ECF No. 10. Judge Kelly approved and adopted Judge Smith's Report and Recommendation. *See* ECF No. 13. Mr. Neal's subsequent notice of appeal was denied by the Third Circuit. *See* ECF No. 15; *Neal v. Piazza*, C.A. No. 06-2426, Oct. 2, 2006 Order.

On September 22, 2009, Mr. Neal filed an Application for Leave to File a Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b) with the Third Circuit. The Third Circuit denied his application for "fail[ure] to make a prima facie showing that his new claims meet the standard set forth in 28 U.S.C. § 2244(b)." *See In re William Neal*, C.A. No. 09-3657, Nov. 12, 2009 Order.

On November 9, 2021, Mr. Neal filed another Application for Leave to File a Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b) with the Third Circuit. *See In re William Neal*, C.A. No. 21-3000, Application for Leave to File a Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b) ("2021 Application") (filed Nov. 9, 2021). On November 23, 2021, the Third Circuit denied Mr. Neal's application for leave to file a second or successive habeas corpus petition. *See* Nov. 23, 2021 Order (holding that Mr. Neal failed to satisfy requirements under 28 U.S.C. § 2244(b)(2)).

On June 2, 2023, Mr. Neal filed a Motion for Relief Under Rule 60(b)(6). In the motion, Mr. Neal moved to set aside the previous judgment dismissing his habeas petition, asserting

2

actual innocence and ineffective assistance of counsel, among other things. *See* Rule 60(b) Motion (ECF No. 21) at 9–10, 28. This Court denied Mr. Neal's 60(b)(6) motion, *see* ECF No. 35, and the Third Circuit denied his certificate of appealability, *see* ECF No. 47.

Now, Mr. Neal has filed a Motion for Relief under Rule 60(d)(1), again asserting actual innocence and ineffective assistance of counsel using substantially the same evidence as he did in his Rule 60(b) motion. *See* ECF No. 51 (Rule 60(d) Motion) at 3–4; 19–32. Specifically, Mr. Neal argues in his 60(d) motion that statements from Walter Pack, Germaine McLin, Kevin Williams, Richard T. Webb, Damon Grimes, Officer Strobeck, Detective McGuffin, and Terrell Cherry all indicate his actual innocence. Rule 60(d) Motion at 5–17. Moreover, Mr. Neal again argues, as he did in his 60(b) motion, that video footage of a robbery contributes to a showing of actual innocence. *Id.* at 12. In addition, Mr. Neal once again claims his trial attorney and appeals attorney were deficient by failing to investigate and present statements from the witnesses above. *Id.* at 20–31.

## II.    DISCUSSION

Federal Rule of Civil Procedure 60(d)(1) states that "[t]his rule does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding." FED. R. CIV. P. 60(D)(1). Under Rule 60(d)(1), an independent action is "available only to prevent a grave miscarriage of justice." *Jackson v. Danberg*, 656 F.3d 157, 166 (3d Cir. 2011); *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

A petitioner cannot avoid the gatekeeping mechanisms of AEDPA by calling what is functionally a second or successive habeas petition by another name. *See* 28 U.S.C. § 2244(b). Before a petitioner may file a second or successive petition, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2244(b)(3)(A). The Third Circuit has not explicitly addressed the interplay between a Rule 60(d) motion and a second or successive habeas petition, but other circuit

courts have ruled that AEDPA applies whether a petitioner files his motion under Rule 60(b) or 60(d).  *Morales v. Clark*, No. CV 19-4971, 2025 WL 1689394, at *3 (E.D. Pa. June 16, 2025); *Johnson v. Davis*, 746 F. App'x 375, 380 (5th Cir. 2018); *Christian v. Thomas*, 982 F.3d 1215, 1221 n.5 (9th Cir. 2020); *Yellowbear v. Hill*, 859 F. App'x 295, 299 (10th Cir. 2021); *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1277 n.11 (11th Cir. 2004); *see Rhone v. Larkins*, No. CV 99-743, 2016 WL 3181757, at *6 (E.D. Pa. June 8, 2016) ("An independent action brought under Rule 60(d) is generally treated the same as a motion under Rule 60(b).").

Mr. Neal argues that his Rule 60(d)(1) motion should be granted for the same reasons his Rule 60(b) motion should have been granted.  This Court already denied Mr. Neal's Rule 60(b) motion, *see* ECF Nos. 34 and 35, and the Third Circuit denied Mr. Neal's certificate of appealability. ECF No. 47.  For the same reasons outlined in this Court's March 12, 2024 opinion, any of Mr. Neal's previously asserted claims in his Rule 60(d) motion are barred, and the Court lacks jurisdiction to consider any "new" claims, if any, asserted in Mr. Neal's Rule 60(d) motion.  *See Lesko v. Sec'y Pennsylvania Dep't of Corr.*, 34 F.4th 211, 222 (3d Cir. 2022) (citing 28 U.S.C. § 2244 (b)(3)(A)).  Therefore, the Court dismisses Mr. Neal's Rule 60(d) motion.

## III.    CONCLUSION

For the foregoing reasons, Mr. Neal's Rule 60(d) motion is dismissed.